UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN EARL CAMPBELL,

        Petitioner,                  CASE NO. 19-CV-11177

v.

                                          PAUL D. BORMAN
WARDEN VASHAW,                UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## **OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Devin Earl Campbell, a state prisoner in the custody of the Michigan Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his Michigan convictions for: carjacking, Mich. Comp. Laws § 750.529a; armed robbery, Mich. Comp. Laws § 750.529; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; assault with intent to commit murder, Mich. Comp. Laws § 750.83; conspiracy to commit carjacking, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.529a; conspiracy to commit assault with intent to rob, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.89; receiving and concealing stolen property, Mich. Comp. Laws § 750.535(7); and felony firearm, Mich. Comp. Laws § 750.227b. He argues that (1) he was deprived of his constitutional rights when he was questioned

by the police, (2) his sentencing guidelines were erroneously scored, and (3) his trial attorney was ineffective. (ECF No. 1, PgID 5, 7-8.)

Respondent Robert Vashaw urges the Court to deny the petition. He argues in an answer to the petition that: Petitioner waived and procedurally defaulted his claim about the voluntariness of his statements to the police; that Petitioner's sentencing claim is non-cognizable, waived, and meritless; and that Petitioner's ineffective-assistance claim is procedurally defaulted and meritless. (ECF No. 7, PgID 76.) Petitioner replies that: Respondent's procedural default argument lacks merit because he was informed that he did not have a right to a direct appeal; his sentence violates the Federal Constitution; his plea was involuntary; trial counsel was "cause" for his procedural default, and he suffered actual prejudice. (ECF No. 9, PgID 716-717.)

Having reviewed the record, the Court finds that Petitioner's claims do not warrant habeas corpus relief. Accordingly, the Court will deny the habeas petition and decline to issue a certificate of appealability, but grant leave to appeal *in forma pauperis* because Petitioner was permitted to proceed *in forma pauperis* in this Court.

**I. Background**

In 2012, Petitioner was charged with carjacking and related crimes in four Wayne County cases. The charges Petitioner arose from three separate incidents in

2

Detroit, Michigan on February 26, 2012, and one incident in Detroit on February 27, 2012.

The facts, as stipulated at Petitioner's plea proceeding, indicate that in case number 12-2840, he approached a Grand Prix vehicle occupied by Drew Johnson while armed with an assault rifle. He pointed the weapon at Johnson and Shameka Marzette, the front-seat passenger, with intent to carjack Johnson and rob both Johnson and Marzette of any valuables inside the vehicle. Petitioner's co-defendant stood in front of the Grand Prix, but Johnson tried to drive away. Petitioner then fired his rifle about four times. A child in the backseat of the car was hit with a bullet and seriously wounded. (ECF No. 8-10, PgID 504-507.)

In case number 12-2841, Petitioner pointed a weapon at Lakeisha Spark who was operating a Lincoln Town car on February 26, 2012. While armed with an assault rifle, Petitioner assaulted Ms. Spark with an intent to rob her or take valuables from her car. He also forced her from her vehicle and then took her vehicle. (*Id*. at PgID 508-509.)

In case number 12-2842, Petitioner and a co-defendant approached Gregory Stapleton and Damond Ross while one of them was armed with an assault rifle. The two defendants ordered the victims out of their car, took money and a cell phone from both victims, and drove off in the victims' Ford Taurus. (*Id*. at PgID

3

509-510.) Petitioner later confessed that both he and his co-defendant possessed the gun at various times during the incident. (*Id*. at PgID 510.)

Finally, in case number 12-2663, Petitioner pointed a weapon at Quierra Washington and forced her from her Monte Carlo car. At the time, he intended to take the vehicle and rob Ms. Washington of her property. Hours later, he was arrested while seated in Ms. Washington's car. (*Id*. at PgID.510-511.)

On August 16, 2012, Petitioner entered a plea in Wayne County Circuit Court. In case number 12-2840, he pleaded no contest to carjacking, two counts of assault with intent to rob while armed, four counts of assault with intent to commit murder, conspiracy to commit carjacking, conspiracy to commit assault with intent to rob, and felony-firearm. In case number 12-2841, Petitioner pleaded no contest to carjacking, assault with intent to rob, and felony firearm. In case number 12-2842, he pleaded no contest to carjacking, two counts of armed robbery, and felony firearm, and in case number 12-2633, he pleaded no contest to carjacking, assault with intent to rob while armed, receiving and concealing stolen property, and felony-firearm. (*Id.* at PgID 496-499.)

There was no plea agreement, but the trial court agreed to sentence Petitioner to two years in prison for the felony-firearm convictions and to a consecutive term of twelve and one-half to twenty-five years in prison for all the

4

other convictions.[1] (*Id*. at PgID 494.) Petitioner was sixteen years old at the time of his plea, but he stated that he understood the proceedings, that he had been advised of his rights and the consequences of his actions, and that he had a chance to talk at length with his attorney. (*Id*. at PgID.499.) He also stated that he understood the statutory maximum penalties for his crimes and the rights he was forfeiting by pleading no contest and that he was pleading no contest of his own free will. (*Id*. at PgID 500-502.)

Petitioner assured the trial court that no one had promised him anything or threatened him to make him enter his plea. (*Id*. at PgID 502.) After a brief

---

[1] Pursuant to *People v. Cobbs*, 443 Mich. 276 (1993), a judge may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> . . .
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*. at 283 (emphasis and footnote omitted).

discussion with his attorney, he also acknowledged that by pleading no-contest, he was giving up the right to an automatic appeal to the Michigan Court of Appeals, but that the Court of Appeals could grant an appeal by leave if it chose to do so. (*Id*. at PgID 502-503.)

On September 10, 2012, the trial court sentenced Petitioner -- pursuant to the *Cobbs* agreement -- to concurrent terms of twelve and one-half to twenty-five years for all the life offenses (the carjackings, assaults, conspiracies, and armed robberies), a concurrent term of two to five years for the receiving-and-concealing conviction, and a consecutive term of two years for the felony-firearm convictions. (ECF No. 8-12, PgID 559-565.)

Petitioner did not pursue a direct appeal from his convictions and sentences. A few years later, however, he moved for relief from judgment. He sought to have his plea set aside and to be re-sentenced. He argued, through counsel, that: (1) he was questioned by the police without an adult relative present; (2) he was subjected to erroneous scoring of the sentencing guidelines and entitled to a remand because the sentencing guidelines were declared unconstitutional in *People v. Lockridge*, 498 Mich. 358 (2015); and (3) his trial counsel was constitutionally ineffective when he failed to object to the questioning by the police and agreed with the scoring of the guidelines. (ECF No. 8-14, PgID 598.)

6

On August 25, 2017, the state trial court denied Petitioner's motion. (ECF No. 8-16.) Petitioner then appealed the trial court's decision through counsel. A three-judge panel of the Michigan Court of Appeals denied leave to appeal because Petitioner had failed to establish that the trial court erred by denying his motion for relief from judgment. *See People v. Campbell*, No. 340132 (Mich. Ct. App. Nov. 9, 2017).[2]

Petitioner raised the same issues in a *pro se* application for leave to appeal in the Michigan Supreme Court. On July 27, 2018, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Campbell*, 502 Mich. 937 (2018).

On April 23, 2019, Petitioner filed his habeas corpus petition. He alleges as grounds for relief that he was denied his constitutional rights because: (1) the police questioned him when he was only 15 years old, had no parent present, was under the influence of marijuana, and was suffering from a lack of sleep; (2) his sentencing guidelines were inaccurately scored; and (3) his trial attorney deprived him of effective assistance by (a) not seeking a conditional plea, which would have preserved his right to appeal, (b) not filing an interlocutory appeal, which would

---

[2] Appellate Judge Karen M. Fort Hood would have granted the application for leave to appeal.

have obviated the necessity of a no-contest plea, and (c) agreeing with the guideline calculation. (ECF No. 1, PgID.5, 7-8.) Petitioner seeks an order allowing him to withdraw his no-contest plea. (*Id*. at PgID 14.)

Although Respondent maintains that Petitioner procedurally defaulted some of his claims, a procedural default ordinarily is not a jurisdictional matter, *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016), and a court may bypass a procedural-default question if the claim can be resolved easily against the habeas petitioner. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Petitioner's claims do not warrant habeas relief, and the Court has found it more efficient to address the merits of his claims than to analyze whether the claims are procedurally defaulted. Accordingly, the Court bypasses the procedural default analysis and proceeds directly to the merits of Petitioner's claims.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has explained that

> a state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000)) (alterations added).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.,* at 413, 120 S.Ct. 1495. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.,* at 410, 412, 120 S.Ct. 1495. The state court's application of clearly established law must be objectively unreasonable. *Id.,* at 409, 120 S.Ct. 1495.

*Id.* at 75. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "[o]nly an 'objectively unreasonable' mistake, . . . , one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

9

fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.) (quoting *Richter*, 562 U.S. at 103), *cert. denied*, 140 S. Ct. 445 (2019). "That's a 'high bar' to relief, which 'is intentionally difficult to meet.' " *Kendrick v. Parris,* 989 F.3d 459, 469 (6th Cir. 2021) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015)).

**III. Discussion**

   **A. Petitioner's Statement to the Police**

Petitioner alleges that the police questioned him on February 27, 2012, when he was only 15 years old, was under the influence of marijuana, and was suffering from a lack of sleep. He also asserts that his mother was not present at the beginning of the interrogation. (ECF No. 1, PgID 5.)

The state trial court was the last state court to review Petitioner's claim on the merits, and it stated that Petitioner waived review of his claim by pleading no contest. (ECF No. 8-16, PgID 630-631.) For the same reason, Petitioner has no right to habeas relief.

Petitioner's no-contest plea represented a break in the chain of events that preceded it, and because his habeas claims do not attack the voluntary and intelligent nature of his plea, his no-contest plea forecloses the Court's review of his claim. As explained in *United States v. Broce*, 488 U.S. 563 (1989),

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final

10

> judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Id*. at 569.  This principle applies to no-contest pleas because, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt[.]" *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982).

Petitioner was represented by counsel at his plea, and even though he argues in his reply brief that his plea was involuntary, the reason he gives is that his sentencing guidelines were erroneously scored.  (ECF No. 9, PgID 716.)  The sentencing guidelines, however, were finalized three weeks after Petitioner's plea.  Furthermore, Petitioner signed and dated a settlement offer and assured the trial court at the plea proceeding that he understood the plea agreement and the proceedings and that he was pleading no-contest of his own free will.  (ECF No. 8-10, PgID 495-503.)

Petitioner's "solemn declarations" at the plea proceeding "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and because the record indicates that his plea was voluntary and intelligent, he waived his objection to the police interrogation when he pleaded no-contest.  The Court, therefore, declines to grant relief on Petitioner's first claim.

## B. The Sentencing Guidelines

Petitioner alleges next that he was denied his rights under the Fifth and Fourteenth Amendments because the offense variables of the Michigan sentencing guidelines were scored at 65 points rather than 55 points. He seems to be saying that, if the offense variables had been scored at 55 points, the guidelines for his minimum sentence would have been 81 to 135 months instead of 108 to 180 months. (ECF No.1, PgID 7.)

The state trial court rejected Petitioner's sentencing claim for multiple reasons. The court stated that: Petitioner had no absolute right to withdraw his plea; he waived his rights in exchange for the sentence agreement and a specific sentence; he could not challenge his sentence because he agreed to the sentence and did not timely move to correct an invalid sentence; he had not shown that his sentence was invalid; and the court lacked the authority to alter his sentence. (ECF No. 8-16, PgID 631-633.)

The contention that the trial court incorrectly scored the state sentencing guidelines is not a cognizable claim on habeas review because a state court's application and interpretation of state sentencing guidelines is "a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

A sentence can violate due process of law if the trial court relied on extensively and materially false information that the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). But to obtain relief, a petitioner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972).

In the present case, Petitioner pleaded no-contest with the understanding that his sentence would be twelve and one-half to twenty-five years, plus two years for the felony-firearm convictions. (ECF No. 8-10, PgID.498-99.) By consenting to a specific sentence, he waived review of his challenge to the sentence. *United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *see also People v. Billings*, 283 Mich. App. 538, 550 (2009) ("Generally, a defendant who voluntarily and understandingly entered into a plea agreement that included a specific sentence waives appellate review of that sentence."); *Berry v. Nagy*, No. 1:19-CV-381, 2019 WL 3162376, at *8 (W.D. Mich. July 16, 2019) (unpublished decision stating that, "[w]here a defendant agrees to a particular sentence, the sentence is no longer a product of the guidelines. It is a product of the agreement."). ‼Petitioner, therefore, has no right to relief on his sentencing claim.

## C. Trial Counsel

In his third and final claim, Petitioner alleges that his trial attorney deprived him of effective assistance by (a) not seeking a conditional plea, which would have preserved his right to appeal, (b) not filing an interlocutory appeal, which would have obviated the necessity of a no-contest plea, and (c) agreeing with the guideline calculation. (ECF No. 1, PgID 8.) The state trial court determined on review of this claim that Petitioner waived his right to make an ancillary claim about defense counsel's decision on an interlocutory appeal. (ECF No. 8-15, PgID 634.)

### 1. Clearly Established Federal Law

The clearly established federal law on a claim of ineffective assistance of counsel is *Strickland v. Washington,* 466 U.S. 668 (1984). *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). The Supreme Court explained in *Strickland* that "the proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687. To establish that counsel's assistance was so defective as to require reversal of a conviction, a convicted person must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Id*.

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. To establish that an attorney's

14

deficient performance was prejudicial the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' " but "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 111-12 (quoting *Strickland*, 466 U.S. at 693).

*Strickland's* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In plea cases, the first part of the *Strickland* test requires showing that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 56-59 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973), and *McMann v. Richardson*, 397 U.S. 759 (1970)). The second or "prejudice" component of the test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

### 2. Failure to Seek a Conditional Plea or File an Interlocutory Appeal

Petitioner alleges that his trial attorney was ineffective because the attorney did not seek a conditional plea after the trial court denied his motion to suppress his confession. Petitioner argues in the alternative that his attorney should have

filed an interlocutory appeal. He contends that a conditional plea would have preserved his right to appeal and that an interlocutory appeal might have obviated the need for a no-contest plea. (ECF No.1, PgID 39.)

In Michigan, "[a] conditional plea preserves for appeal a specified pretrial ruling or rulings notwithstanding the plea-based judgment and entitles the defendant to withdraw the plea if a specified pretrial ruling is overturned on appeal." Mich. Ct. R. 6.301(C)(2). But a conditional plea requires the approval of the trial court and the prosecutor, Mich. Ct. R. 6.301(C), and in this case, it is highly unlikely that the prosecutor would have agreed to a conditional plea because she did not make a plea offer.

Furthermore, Petitioner merely speculates that an interlocutory appeal would have been successful and would have obviated the necessity of a no-contest plea. His claim fails because he has not shown that his attorney's performance was deficient and that the deficient performance prejudiced him.

### 3. Agreeing with the Guidelines Calculation

Petitioner's claim that trial counsel was ineffective for agreeing with the guidelines also lacks merit. As result of the parties' stipulations, the guidelines were reduced in two of Petitioner's cases (ECF No. 8-12, PgID at 545-547), and defense counsel was successful in having the trial court waive court costs of $600 and attorney fees of $400 in all four cases. (*Id*. at 559-563.)

Defense counsel also attempted to reduce the sentence for the receiving-and-concealing conviction. In doing so, he pointed out that the sentencing guideline for the life offenses was eleven years, three months, which was lower than the *Cobbs* agreement. (*Id*. at PageID.561-563.) The trial court, however, was not persuaded to reduce the sentence beyond what the prosecutor recommended. (*Id*. at 562-563.)

Finally, as pointed out above, the *Cobbs* agreement obviated the scoring of the sentencing guidelines. Petitioner has failed to show that his attorney's performance was deficient and that the alleged deficiency prejudiced the defense.

## IV. Conclusion and Order

For the reasons given above, none of Petitioner's claims warrant habeas corpus relief. In addition, the state trial court's rejection of Petitioner's claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, and or an unreasonable determination of the facts.

Accordingly, the Court **DENIES** the habeas corpus petition. The Court also **DECLINES** to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Nevertheless, because the Court granted Petitioner permission to proceed *in forma pauperis* in this Court, and because an appeal could be taken in good faith,

Petitioner may proceed *in forma pauperis* on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

    **IT IS SO ORDERED**.

Dated: July 1, 2021

s/Paul D. Borman
PAUL D. BORMAN
United States District Judge